NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

MICHAEL BILOKIEWICZ, PETITIONER, v. CENTRAL RAIL-
ROAD COMPANY OF NEW JERSEY.

**Round House Employe Injured While Working on an Engine Pre-
paring to Engage in Interstate Commerce—Held, Bureau
Without Jurisdiction.**

For the petitioner, *Samuel Greenstone.*

For the respondent, *Theodore J. R. Brown.*

\*      \*      \*      \*      \*      \*      \*      \*

1. The petitioner was employed by the respondent, Central
Railroad Company of New Jersey, on September the 4th,
1924, as round house employe. At the time of this accident
he was engaged in putting coal on the fire, and while so doing
a piece of coal fell from the top of the tank. At this time
he was working on B. & O. engine 4604, which engine had
arrived at Jersey City at two thirty-six A. M., with train
known as P.D. No. 4 from Baltimore, and left the same day
with train known as DP No. 5 for Baltimore, leaving Jersey
City at seven twenty-five P. M. This engine was regularly
engaged in this service.

2. It is further stipulated and agreed that the said Michael
Bilokiewicz was employed as round house employe on Janu-
ary the 12th, 1925, and fell from engine No. 163, said engine
being in the act of taking sand, having just completed taking
coal from under a shute. This engine was engaged in inter-
state commerce, as it was assigned to trains No. 402 and No.
403, which are known as "Somerville Locals." At the round
house a daily register book is kept. In this book it shows
that Engineer Harry Dow and Fireman J. J. Harrington had
signed said register book and were actually in active inter-

state service, as the movement which they were then making was to take on coal and sand and proceed to the Jersey Central train shed, the terminus of the Ceneral Railroad Company of New Jersey, and from thence return to Somerville with passengers enroute from New York to various points in New Jersey.

In view of the above, it is apparent that the petitioner was engaged in interstate commerce at the time of his injury, and the workmen's compensation bureau of the department of labor of the State of New Jersey is without jurisdiction to award compensation to the petitioner, and, therefore, the petition is dismissed.

CHARLES E. CORBIN,
*Deputy Commissioner.*